IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ANNIE HENDERSON, KELVIN KELIJAH PERKINS,** and **LASHANDA COLEMAN** as next friend of **CARMEN COLEMAN**, a minor, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> **BDS FREIGHT LINES LIMITED, BLUE HORSE LOGISTICS, INC.,** and **GOPINDER SINGH MANGAT,** <br><br> *Defendants* | Civil Action No. _____ <br><br> Jury Trial Requested |

## ORIGINAL COMPLAINT

Annie Henderson, Kelvin Kelijah Perkins, and Lashanda Coleman as next friend of C.C., a minor, complain about BDS Freight Lines Limited, Blue Horse Logistics, Inc., and Gopinder Singh Mangat, as follows.

### Overview

1. This is a suit for damages based on a crash between non-party Kelvin DeWayne Perkins and a tractor-trailer driven by Gopinder Singh Mangat, owned by Blue Horse Logistics, Inc., and operating under the Federal Motor Carrier Safety Administration authority granted to BDS Freight Lines Limited.

2. The crash occurred on November 19, 2019 in Harrison County, Texas.

3. The plaintiffs are Kelvin's wrongful death beneficiaries. They are entitled to and do sue under Title 4, Chapter 71, Subchapter A of the Texas Civil Practice and Remedies Code, the Texas wrongful death statute. Defendants are liable to plaintiffs for the actual damages arising from the injury which caused Kelvin DeWayne Perkins' death because such injury was caused by defendants' or their agents' or servants, wrongful acts, neglect, carelessness, unskillfulness, or default, and Kelvin DeWayne Perkins would have been entitled to bring an action for such injury had he lived.

4. This lawsuit is based on the same crash as the now-closed case number 2:20-cv-00343-JRG-RSP that proceeded in the Marshall Division of the United States District Court for the Eastern District of Texas.

### Parties; Jurisdiction; Venue

5. Annie Henderson is the natural mother and wrongful death beneficiary of Kelvin DeWayne Perkins. She is a resident and citizen of Texas.

6. Kelvin Kelijah Perkins is the son and wrongful death beneficiary of Kelvin DeWayne Perkins. He is a resident and citizen of Texas.

7. C.C., a minor, is the daughter and wrongful death beneficiary of Kelvin DeWayne Perkins. Lashanda Coleman and C.C., a minor, are residents and citizens of Texas.

8. Defendant BDS Freight Lines Limited is a foreign corporation doing business in Texas. Its principal place of business is in Ontario, Canada, at 17 Runnymede Crescent, Brampton, Ontario L6R 0L2. It may be served with process by serving its

registered agent identified under the Federal Motor Carrier Safety Act, Truckers Nationwide, Inc., at 933 Broadway Street, Larchwood, Iowa 51241.

9. BDS Freight Lines Limited is subject to the personal jurisdiction of this Court.

10. Blue Horse Logistics, Inc. is a foreign corporation doing business in Texas. Its principal place of business is in Ontario, Canada. Under the Hague Service Convention, service of process may be obtained on this defendant by serving this complaint and the summons issued in the name of Blue Horse Logistics, Inc. through international private process service on its registered agent Gopinder Singh Mangat at 23 Ocean Ridge Drive, Brampton, Ontario L6R 3K5.

11. Blue Horse Logistics, Inc. is subject to the personal jurisdiction of this Court.

12. Defendant Gopinder Singh Mangat is an individual resident of Ontario Canada. His address is 39 Switchback Trail, Brampton, Ontario L6R 3H1. Under the Hague Service Convention, service of process may be obtained on this defendant by serving this pleading and the summons, issued in the name of Gopinder Singh Mangat, through international private process service.

13. Gopinder Singh Mangat is subject to the personal jurisdiction of this Court.

14. Complete diversity exists, as plaintiffs and defendants are citizens of different states and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000. This Court has jurisdiction over the parties to and the subject matter of this action under 28 U.S.C. § 1332.

15. Venue is proper in this District and Division under 28 U.S.C. § 1390, as the events and occurrences made the basis of this action occurred in whole or in part in Harrison County, Texas.

### Facts

16. This is a personal injury lawsuit based on a motor vehicle collision that occurred on or about Tuesday, November 19, 2019 on State Highway 43 within the city limits of Marshall, Harrison County, Texas.

17. On that date, decedent and non-party Kelvin Perkins was operating his vehicle southbound on State Highway 43.

18. On that date, Gopinder Singh Mangat was operating an 18-wheeler northbound on State Highway 43 in the left passing lane.

19. There was a lane to the right of Mr. Mangat, and also an emergency shoulder to the right of Mr. Mangat.

20. Defendant Mangat had been travelling in the left lane for 10 to 15 seconds before the collision occurred.

21. Plaintiff Kelvin Perkins's vehicle drifted into the northbound lanes of Highway 43.

22. The reason for the drift described in paragraph 21 is not known.

23. Kelvin Perkins returned to his lane of travel before the collision between his vehicle and the tractor-trailer driven by Mr. Mangat.

24. Mr. Mangat steered his tractor-trailer to the left into the path of Kelvin Perkins.

25. At the time of the movement described in paragraph 24, there was a travel lane, a breakdown lane, and an open field to the right side of Mangat's vehicle.

26. BDS Freight Lines Limited hired Mr. Mangat without providing him any defensive driving training.

27. BDS's hiring requirements required a driver to complete a defensive driving course prior to hiring.

28. Mr. Tanjeed Mangat, on behalf of BDS, trained Mr. Mangat to go left to avoid a collision with an oncoming vehicle.

29. Industry standards mandate that a driver be trained to steer right to avoid a collision with an oncoming vehicle.

30. Kelvin Perkins's vehicle became entangled with Mr. Mangat's tractor.

31. The entangled vehicles traveled across the southbound lanes of traffic to the side of the road where all vehicles burned.

32. Kelvin Perkins was pronounced dead at the scene of the crash.

## CAUSES OF ACTION REGARDING
## BDS FREIGHT LINES LIMITED

**A.  Vicarious Liability**

33. At the time of the collision, Mr. Mangat was employed by Defendant BDS Freight Lines Limited as a commercial motor vehicle driver.

34. At the time of the collision, Mr. Mangat was a statutory employee of BDS as a commercial motor vehicle driver.

35. At the time of the collision, Mr. Mangat was under lease to BDS as a commercial motor vehicle driver.

36. At the time of the collision, Mr. Mangat was operating a tractor leased to BDS.

37. At the time of the collision, Mr. Mangat was operating a trailer leased to BDS.

38. At the time of the collision, Mr. Mangat acted as an agent of BDS.

39. At the time of the collision, Mr. Mangat was acting within the course and scope of his employment or agency with BDS.

40. At the time of the collision, Mr. Mangat was driving a tractor-trailer under dispatch for BDS.

41. At the time of the collision, Mr. Mangat was a permissive user of the tractor-trailer involved in the collision.

42. Under the principles of respondeat superior, actual agency, apparent agency, and/or lease liability, BDS is vicariously liable and legally responsible for the negligent acts and omissions of Mr. Mangat.

43. Because of imputed liability, BDS is liable to plaintiffs for all damages allowed under the law and as explained in the damages section below.

**B.   Direct Liability**

44. BDS was negligent in at least these ways:

   (a)   Failing to have or enforce appropriate policies and procedures to ensure that tractors and trailers under its

        operating authority were properly inspected, maintained and repaired;

(b) Failing to properly inspect, maintain and repair the tractor and/ or trailer operating under its authority in this case;

(c) Violating common-law and statutory requirements for the hiring, training, and supervision of drivers;

(d) Otherwise violating state laws and federal regulations governing trucking companies; and

(e) Otherwise failing to act as a reasonably prudent company under the circumstances.

45. BDS had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

46. The negligence of BDS is a proximate cause of the collision that resulted in the death of Kelvin DeWayne Perkins and the plaintiffs' damages.

47. Because of its negligent conduct, BDS is liable to plaintiffs for all damages allowed under the law and as stated in this Complaint.

## CAUSES OF ACTION REGARDING BLUE HORSE LOGISTICS, INC.

**A.  Vicarious Liability**

48. At the time of the collision, Mr. Mangat was employed by Defendant Blue Horse Logistics, Inc. as a commercial motor vehicle driver.

49. At the time of the collision, Mr. Mangat was a statutory employee of Blue Horse as a commercial motor vehicle driver.

50. At the time of the collision, Mr. Mangat was under lease to Blue Horse as a commercial motor vehicle driver.

51. At the time of the collision, Blue Horse owned the tractor driven by Mr. Mangat.

52. At the time of the collision, Blue Horse owned the tractor driven by Mr. Mangat.

53. At the time of the collision, Mr. Mangat acted as an agent of Blue Horse.

54. At the time of the collision, Mr. Mangat was acting within the course and scope of his agency with Blue Horse.

55. At the time of the collision, Mr. Mangat was acting within the course and scope of his employment with BDS.

56. At the time of the collision, Mr. Mangat was driving a tractor-trailer under dispatch for Blue Horse.

57. At the time of the collision, Mr. Mangat was a permissive user of the tractor-trailer involved in the collision.

58. Under the principles of respondeat superior, actual agency, apparent agency, and/or lease liability, Blue Horse is vicariously liable and legally responsible for the negligent acts and omissions of Mr. Mangat.

59. Because of imputed liability, BPS is liable to plaintiffs for all damages allowed under the law and as detailed in the damages section below.

**B.    Direct Liability**

60. Blue Horse was negligent in at least these ways:

   *(a)*   Failing to have or enforce policies and procedures to ensure its tractors and trailers properly inspected, maintained and repaired;

 (b) Failing to properly inspect, maintain and repair the tractor and/ or trailer involved in this collision;

 (c) Violating common-law and statutory requirements for the hiring, training, and supervision of drivers;

 (d) Otherwise violating state laws and federal regulations governing trucking companies; and

 (e) Otherwise failing to act as a reasonably prudent company under the circumstances.

61. Blue Horse had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

62. The negligence of Blue Horse is a proximate cause of the collision that resulted in the death of Kelvin DeWayne Perkins and the plaintiffs' damages.

63. Because of its negligent conduct, Blue Horse is liable to plaintiffs for all damages allowed under the law and as explained in this Complaint.

## CAUSES OF ACTION REGARDING GOPINDER SINGH MANGAT

64. At the time of the collision, Mr. Mangat owed certain duties to members of the public, including the plaintiffs.

65. Along with those instances of negligence set forth elsewhere in this Complaint, Mr. Mangat was negligent in at least these specific ways:

 (a) Failing to maintain a proper lookout;
 (b) Driving too fast for conditions;
 (c) Failing to keep his vehicle under control;
 (d) Failing to abide by the basic rules of the road;
 (e) Driving his vehicle in reckless disregard for the safety of other people on the road;
 (f) Failing to exercise due care;

    (g)    Failing to drive defensively;

    (h)    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

    (i)    Failing to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

    (j)    Failing to ensure that the equipment on his tractor-trailer complied with applicable laws and regulations;

    (k)    Failing to operate his tractor-trailer in a safe and prudent manner because of the conditions that existed during the collision; and

    (l)    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

66.    At the time of the collision, Mr. Mangat was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

67.    At the time of the collision, Mr. Mangat was also subject to the laws of the State of Texas governing the operation of interstate commercial motor vehicles on the public roadways of Texas.

68.    Mr. Mangat was negligent per se because he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of Texas

69.    Mr. Mangat's negligent conduct proximately caused the collision.

70.    As a direct and proximate cause of Mr. Mangat's negligent conduct, plaintiffs sustained damages.

71. Because of Mr. Mangat's negligent conduct, he is liable to plaintiff for all damages allowed under the law and as detailed in this Complaint.

### Exemplary Damages

72. The conduct of defendants, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which they had actual, subjective awareness, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including plaintiffs.

### Damages

73. The above-described acts, omissions, failures, and conduct of defendants have caused plaintiffs' damages which include, without limitation, all damages referenced below.

   *(a)*   Pecuniary loss sustained in the past by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor,

   *(b)*   Pecuniary loss that, in reasonable probability, will be sustained in the future by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor,

   *(c)*   Loss of companionship and society sustained in the past by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor,

   *(d)*   Loss of companionship and society that, in reasonable probability, will be sustained in the future by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor,

   *(e)*   Mental anguish sustained in the past by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor,

   *(f)*   Mental anguish that, in reasonable probability, will be sustained in the future by Annie Henderson, Kelvin Kelijah Perkins, and C.C., a minor, and

  *(g)*  Loss of inheritance sustained by Kelvin Kelijah Perkins and C.C., a minor,.

74. Plaintiffs also seek exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

### Prayer

75. Plaintiffs pray that upon trial, they recover sums that would reasonably compensate them under the rules of law and procedure, as to actual damages, along with all punitive, additional, and exemplary damages as found. In addition, plaintiffs request the award of all costs of court, prejudgment and post judgment interest as allowed by law, and for any other relief to which they may show themselves entitled to receive.

Dated November 19, 2021.

             Respectfully submitted,

             */s/ Steven R. Samples*
             Steven R. Samples
             State Bar No. 24086348
             James R. Ames, III
             State Bar No. 24091111
             SAMPLES AMES PLLC
             460 West Harwood Road
             Hurst, Texas 76054
             817-605-1505
             855-605-1505 fax
             docket@tex.law

             Counsel for Plaintiffs